# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY V. PINSON, | : | |
| Plaintiff | : | |
| | : | No. 1:17-CV-00584 |
| vs. | : | |
| | : | (Judge Rambo) |
| UNITED STATES, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff, Jeremy Pinson, an inmate currently confined at the Federal Medical Center, Rochester, Minnesota ("FMC-Rochester"), filed this current action pursuant to the Federal Tort Claims Act and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) on April 3, 2017. (Doc. No. 1.) Plaintiff subsequently filed an amended complaint on May 1, 2017. (Doc. No. 11.) Plaintiff asserts that she is a male to female transgender inmate and that Defendants, inter alia, wrongly denied her request for sex reassignment surgery and were negligent when they left a razor blade with her knowing that her gender dysphoria led her to cut and self-mutilate herself.

Presently before this Court is Defendants' motion for summary judgment (Doc. No. 20), filed on July 18, 2017. In response to Defendants' motion, Plaintiff filed a Fed.R.Civ.P 56(d) motion and declaration, requesting a stay of the due date for Plaintiff's brief in opposition to Defendants' motion for summary judgment

1

until additional discovery is obtained. (Doc. No. 33.) Plaintiff has also filed a motion to appoint counsel (Doc. No. 36) and motion for a preliminary injunction. (Doc. No. 38.) For the following reasons, the Court will grant in part and deny in part Plaintiff's request for a stay of the due date for Plaintiff's opposition brief, and deny Plaintiff's motion to appoint counsel and motion for a preliminary injunction.

## I. Standard of Review

Federal Rule of Civil Procedure 56(a) requires the court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson, 477 U.S. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988). In doing so, the Court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. Id. (citations omitted). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." L.R. 56.1. A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a pro se litigant. These rules apply with equal force to all parties. See Sanders v. Beard, No. 09-CV-1384, 2010 U.S. Dist. LEXIS, *15 (M.D. Pa. July 20, 2010) (pro se parties "are not excused from complying with court orders and the local rules of court")

If a party believes that a summary judgment motion is premature and more discovery is necessary, Rule 56(d) allows a nonmovant to file an affidavit "setting forth why the time is needed." Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 510-11 (3d Cir. 1994). "The purpose of the affidavit is to ensure that the

nonmoving party is invoking the protection of [Rule 56(d)] in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition." Radich v. Goode, 886 F.2d 1391, 1394 (3d. Cir. 1989) (citation omitted). If the nonmovant shows by affidavit that he cannot present facts essential to justify his opposition to summary judgment, the court may, inter alia, defer considering the summary judgment motion or allow the nonmovant time to obtain affidavits or take discovery. Fed.R.Civ.P. 56(d).

Fed.R.Civ.P. 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

In the declaration, a party must specify: (1) what particular information is sought; (2) how, if uncovered, it would preclude summary judgment; and (3) why it has not previously been obtained. Pa. Dep't of Pub. Welfare v. Sebelius, 674 F.3d 139, 157 (3d Cir. 2012) (citing Dowling v. City of Phila., 855 F.2d 136, 139-40 (3d Cir. 1988)). If a party opposing summary judgment files an affidavit that specifically addresses these requirements, the United States Court of Appeals for the Third Circuit has held that "a continuance of a motion for summary judgment for

4

purposes of discovery should be granted almost as a matter of course," especially when particular information is in the sole possession of the moving party. Malouf v. Turner, 814 F. Supp. 2d 454, 459-60 (D.N.J 2011) (quoting Sames v. Gable, 732 F.2d 49, 51 (3d Cir. 1984)).

## II. Discussion

### A. Rule 56(d)

In support of Plaintiff's motion for an extension of time to respond to Defendants' motion for summary judgment and declaration pursuant to Fed.R.Civ.P. 56(d), Plaintiff argues that (1) Defendants have not yet responded to outstanding discovery requests; (2) Plaintiff needs to obtain an affidavit from a former cellmate at USP Allenwood that requires approval of prison officials; (3) Plaintiff needs to obtain an affidavit from an expert witness; and (4) given the voluminous documents produced by Defendants as well as Plaintiff's limited access to the law library and typewriter, Plaintiff needs more time to prepare an oppositional brief. (Doc. No. 34 at 1-2.) Defendants do not object to Plaintiff's request for a reasonable extension of time to respond to their motion for summary judgment, rather, Defendants oppose Plaintiff's Rule 56(d) request that their motion be stayed pending discovery. (Doc. No. 35 at 5.)

As to Plaintiff's first contention that Defendants have not yet responded to Plaintiff's July 24, 2017, discovery requests, the Court notes that Plaintiff's

5

supporting declaration containing this averment was signed on August 26, 2017. (Doc. No. 34 at 5.) Defendants, in their oppositional brief dated September 19, 2017 (Doc. No. 35), provide that they have timely responded to all of Plaintiff's discovery requests on September 1, 2017. (Doc. No. 35 at 3.) Plaintiff has not filed a reply-brief to refute Defendants' averment. Therefore, the Court finds this issue moot. Alternatively, the Court finds that Plaintiff has not sufficiently stated: (1) what particular information from the discovery requests are sought; and (2) how, if uncovered, it would preclude summary judgment. See Sebelius, 674 F.3d at 157. Plaintiff has not made clear to the Court what she hopes to uncover from her broad discovery request or how it could preclude summary judgment. See Malour, 814 F. Supp. 2d at 459-60 (vague or general statements of what a party hopes to gain through a delay of discovery under Rule 56(d) are insufficient). Therefore, this request is an insufficient basis for a stay of the due date for Plaintiff's opposition to Defendants' motion. Accordingly, the only issues pertaining to Plaintiff's current Rule 56(d) declaration before the Court are Plaintiff's need for obtaining an affidavit from a former cellmate at USP Allenwood that requires approval of prison officials and an affidavit from a psychologist concerning the care Plaintiff received from Defendants with regard to Plaintiff's gender dysphoria.

### 1. Former USP Allenwood Cellmate Affidavit

Plaintiff provides that on August 26, 2017, she submitted a request to staff for permission to correspond with a former cellmate to obtain a witness affidavit as to what this cellmate witnessed "relevant to the claims [Plaintiff] presented to the Court in the present lawsuit," and that this former cellmate has "personal knowledge that the facts asserted by defendants are not true." (Doc. No. 34 at 2, 5.) In another declaration attached to Plaintiff's motion to appoint counsel (Doc. No. 37 at 4), Plaintiff provides that she has "requested to communicate" with her former cellmate "to obtain his affidavit concerning his eyewitness account of the underlying events which form the basis of [Plaintiff's] claims" and that this "affidavit is necessary to prove the claims of declarant Frei to be false." (Doc. No. 37 at 4.)

The Court finds that Plaintiff has articulated what particular information is sought; (2) how, if uncovered, would preclude summary judgment; and (3) why it has not previously been obtained. See Sebelius, 674 F.3d at 157. Specifically, it is clear that Plaintiff is seeking an affidavit from her former cellmate that Plaintiff alleges will contradict Defendants' claims submitted by Officer Frei in opposition to Plaintiff's FTCA negligence claim regarding the razor blade. Moreover, Plaintiff provides that the affidavit has yet to be obtained because the BOP must

7

approve the correspondence between Plaintiff and her former cellmate. (Doc. No. 34 at 5.)

Moreover, given the procedural posture of this case, specifically, Defendants' filing their motion for summary judgment on July 18, 2017, roughly a month and a half after waiving service on May 26, 2017 (Doc. Nos. 13), and supplying Plaintiff with responses to her first discovery request on September 1, 2017 (Doc. No. 35 at 3), the Court is concerned that Plaintiff may have needed additional time in which to secure her affidavits. Cf. Mid-Am Pipeline Co., Civ. No. 88-4205, 1989 WL 35984, at *1 (D. K.S. Mar. 17, 1989) (granting Rule 56(d) motion based on the limited time for discovery).

Accordingly, the Court will grant Plaintiff's motion pursuant to Rule 56(d) and allow Plaintiff thirty days in which to obtain the affidavit from her former cellmate, Timothy Beckwith. To the extent that the BOP has not yet approved Plaintiff's request to communicate with Timothy Beckwith or has not enabled the TRULINC System[1] in order for Plaintiff to obtain the affidavit, Defendants should take the appropriate actions so that Plaintiff can obtain this affidavit as expeditiously as possible, and certainly within the thirty day time period as prescribed above.

---

[1] The Trust Fund Limited Inmate Computer System ("TRULINCS") is a program employed by the BOP to provide inmates with limited computer access, including the ability to send and receive electronic messages. (https://www.bop.gov/policy/progstat/4500_011.pdf).

## 2. Psychologist Richard Samuels Affidavit

Plaintiff also seeks stay of the due date for Plaintiff's opposition to Defendants' motion for summary judgment based on the fact that Plaintiff is waiting for a response from an expert witness, psychologist Richard Samuels. (Doc. No. 34 at 5.) Specifically, in her declaration, Plaintiff provides that she has contacted Dr. Samuels regarding "supplying an expert witness affidavit concerning the care [Plaintiff] received from the defendants while at USP Allenwood for [Plaintiff's] gender dysphoria." (Id.)

Again, the Court finds that Plaintiff's declaration is adequate for the purpose of Rule 56(d). Plaintiff provides that she is waiting for an "expert witness affidavit concerning the care [Plaintiff] received … while at USP Allenwood for [her] gender dysphoria." (Doc. No. 34 at 5.) This affidavit would appear to address Plaintiff's Eighth Amendment claim of deliberate indifference towards Plaintiff's medical needs and is more than a mere bare allegation or vague assertion. Accordingly, the Court will grant Plaintiff's motion pursuant to Rule 56(d) and allow Plaintiff thirty days in which to obtain the affidavit from her expert witness.

### B. Motion for Extension of Time

Plaintiff also requests a minimum of a sixty (60) day extension of time in which to respond to Defendants' motion for summary judgment. (Doc. No. 34 at 2.) Defendants do not oppose this request. (Doc. No. 35 at 5.) Accordingly, the

Court will grant Plaintiff a sixty (60) day extension of time, starting from the expiration of the thirty days in which she has to obtain her aforementioned affidavits, in which to file a brief in opposition to Defendants' motion for summary judgment, together with a counterstatement of material facts pursuant to Local Rule 56.1.[2]

### C. Motion to Appoint Counsel

Plaintiff has also filed a second motion to appoint counsel. (Doc. No. 36, 37.) Plaintiff contends that counsel should be appointed given that her access to the court is compromised by a debt encumbrance which makes it difficult for Plaintiff to purchase materials such as paper in order to litigate this action; her offer to settle this case has been ignored by Defendants; she has been transferred away from her only eyewitness needed to supply an affidavit in this case, to which the BOP is inhibiting access to her former cellmates testimony; and that should this case proceed to trial, it will be necessary to present a medical expert or to cross-examine medical witnesses. (Doc. No. 37 at 1, 2.)

Although prisoners have no constitutional or statutory right to the appointment of counsel in civil cases, district courts do have broad discretionary power to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). In Tabron v. Grace,

---

[2] In essence, Plaintiff is afforded ninety (90) days from the date of this Memorandum's corresponding Order in which to file her oppositional materials.

the Third Circuit developed a non-exhaustive list of factors to aid district courts in determining whether to appoint counsel for such litigants. Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993). Such factors include the plaintiff's ability to present his case, the complexity of the legal and discovery issues in the case, the amount of factual investigation that will be required, the necessity of expert witnesses, and whether "witness credibility is a key issue." Id. Additionally, "[a]s a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law." Montgomery, 294 F.3d at 498-99 (citing Tabron, 6 F.3d at 155). Finally, "[t]he plaintiff's ability to present a case is '[p]erhaps the most significant' consideration and depends on factors such as 'the plaintiff's education, literacy, prior work experience, and prior litigation experience … along with a plaintiff's ability to understand English … [and] the restraints placed upon a prisoner plaintiff by confinement.' " Nunuez v. Wetz, Civ. No. 3:CV-14-0727, 2017 WL 4698092, at *1 (M.D. Pa. Oct. 19, 2017) (citing Montgomery, 294 F.3d at 501).

Here, the Court finds that the Tabron factors do not warrant appointing counsel at this time. Plaintiff is proceeding on claims of negligence and an Eighth Amendment claim of deliberate indifference towards Plaintiff's medical needs. Thus far, Plaintiff has legibly set forth her arguments in her amended complaint, has filed two motions for appointment of counsel, has served the complaint on

11

Defendants, has filed a successful motion for judicial notice, a motion for extension of time and a motion pursuant to Rule 56(d). The Court finds that given Plaintiff's litigation history, appointment of counsel is not warranted at this time. Moreover, these successful filings suggest that Plaintiff is not presented with any current impediment in litigating this matter. However, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered by the Court <u>sua</u> <u>sponte</u> or upon a motion properly filed by Plaintiff. Accordingly, Plaintiff's motion to appoint counsel will be denied without prejudice.

### D. Motion for Preliminary Injunction

Plaintiff has also filed a motion for a preliminary injunction, claiming that a staff member at FMC Rochester told Plaintiff that she needs to "tone … down" the "legal stuff" and that if Plaintiff "keeps it up[,] the administration **could** decide to ship [Plaintiff]." (Doc. No. 39 at 1) (emphasis added). Plaintiff also claims that an inmate by the name of Dawsey has been harassing Plaintiff and "vow[ed] to get Plaintiff into segregated housing before [Dawsey is released]." (<u>Id.</u> at 2.)

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. See <u>Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.</u>, 42 F.3d 1421, 1426-27 (3d Cir. 1994). Moreover, such relief is at the discretion of the trial judge. <u>Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chamberlain</u>, 145 F. Supp. 2d 621, 625 (M.D. Pa. 2001). In determining whether

to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: "(1) likelihood of success on the merits; (2) irreparable harm resulting from a denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest." United States v. Bell, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003); see also Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."). It is the moving party who bears the burden of satisfying these factors. Bell, 238 F. Supp. 2d at 699; Vine St. Concerned Citizens, Inc. v. Dole, 604 F. Supp. 509, 512 (E.D. Pa. 1985). "Only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue." Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 192 (3d Cir. 1990).

### 1. Injunction Against Segregated Housing

It appears that Plaintiff seeks an order prohibiting her future placement in segregated housing. A preliminary injunction "may not be used simply to eliminate the possibility of a remote future injury." Holiday Inns of Am., Inc. v. B&B Corp., 409 F.2d 614, 618 (3d Cir. 1969). "[T]he irreparable harm must be actual and imminent, not merely speculative." Angstadt ex rel. Angstadt v. Midd-West Sch., 182 F. Supp. 2d 435, 437 (M.D. Pa 2002). "[M]ore than a risk of irreparable harm must be demonstrated. The requisite for injunctive relief has been

characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat ….' " Continental Grp. Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980) (citations omitted).

Additionally, "[t]he 'requisite feared injury or harm must be irreparable – not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it." ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) (quoting Glasco v. Hills, 558 F.2d 179, 181 (3d Cir. 1977)). "The key word in this consideration is *irreparable* …. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Sampson v. Murray, 415 U.S. 61, 90 (1974) (emphasis in original).

Here, Plaintiff does not allege that she has been placed in segregated housing or that any staff member threatened her with such confinement. Regardless, Plaintiff has failed to adduce any evidence that she faces a presently existing actual threat of confinement in some type of restrictive custody for a substantial period that might cause her to suffer irreparable injury. See Grivvin v. Vaughn, 112 F.3d 703, 708 (3d Cir. 1997) (15 months in administrative custody did not violate inmate's due process rights); Yunik v. McVey, Civ. No. 08-1706, 2009 WL 1683286, at *2 (W.D. Pa. June 15, 2009) (the mere possibility of a future placement in restrictive housing does not constitute immediate, irreparable harm).

### 2. Transfer to Another Institution

Plaintiff also seeks an order prohibiting any future transfer from FMC Rochester. However, Plaintiff has not articulated any presently existing actual threat of transfer to another institution. Regardless, the mere threat to transfer a prisoner to another facility, at some unspecified point in the future, does not constitute immediate, irreparable injury necessary to justify preliminary injunctive relief. See Yunik, 2009 WL 1683286, at *2 (the mere possibility of a future placement in restrictive housing does not constitute immediate, irreparable harm). Plaintiff has failed to demonstrate the requisite irreparable injury if she is not granted a broad injunction against a possible future transfer to another institution.

Moreover, injunctive relief concerning "a transfer to another prison would effectively have the court making an ad hoc, individual decision concerning the treatment of a single prisoner, and such a decision could harm the defendants' and the public's interests. In this prison context, the interest in penological order could be adversely affected if the Court began dictating the place of incarceration for [Plaintiff], one inmate out of [many] in the prison system...." Gass v. Smith, Civ. No. 3:14-1056, 2014 WL 5242137, at *6 (M.D. Pa. Oct. 15, 2014).

### 3. Harassment By Inmate Dawsey

Finally, it appears that Plaintiff seeks a preliminary injunction to prevent inmate Dawsey from harassing her. The Court finds that this matter is unrelated to

15

Plaintiff's allegations in this lawsuit, i.e., claims of negligence and an Eighth Amendment claim of deliberate indifference towards Plaintiff's medical needs. While "[a] preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." De Beers Consolidated Mines v. United States, 325 U.S. 212, 220 (1945). See, e.g., Ball v. Famiglio, 396 F. App'x 836, 837 (3d Cir. 2010) (plaintiff not entitled to preliminary injunction on claims not pending in complaint); Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997) (where a plaintiff brought a qui tam action against the city and others for knowingly and improperly obtaining funds from several federal agencies for development or improvement of properties in minority-concentrated areas of city, the plaintiff's request for a preliminary injunction against city ordinance allowing members of public to speak for only five minutes each at conclusion of city council meetings was properly denied because it was of a different character from relief sought and wholly unrelated to issues raised); Thomas v. DeBoer, Civ. No. 1:08-cv-744, 2009 WL 4068438 (W.D. Mich. Nov. 23, 2009) (prisoner's motion for preliminary injunction denied where it sought to enjoin three non-parties who allegedly engaged in recent retaliatory acts that were unrelated to the retaliatory acts at issue in the lawsuit); Atakpu v. Lawson, Civ. No. 1:05-cv-524, 2006 WL 3803193 at *1-2 (S.D. Ohio Nov. 28,

2006) (the plaintiff prisoner's motion seeking injunctive relief for harassment and retaliation was denied as unrelated to the prisoner's complaint, which alleged denial of his constitutional rights for inadequate medical care, noting that a "court may not grant a preliminary injunction when the issues raised in the motion are entirely different from those raised in the complaint"). Accordingly, Plaintiff's motion for a preliminary injunction will be denied.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion pursuant to Fed.R.Civ.P 56(d), requesting a stay of the due date for Plaintiff's brief in opposition to Defendants' motion for summary (Doc. No. 33), will be granted in part and denied in part. Plaintiff will be afforded thirty days in which to obtain her affidavits. Plaintiff's unopposed motion for an extension of time in which to file a brief in opposition to Defendants' motion for summary judgment (Doc. No. 33), will be granted. Plaintiff's motion to appoint counsel (Doc. No. 36) will be denied without prejudice. Finally, Plaintiff's motion for a preliminary injunction (Doc. No. 38), will be denied. An appropriate Order follows.

    s/Sylvia H. Rambo
    SYLVIA H. RAMBO
    United States District Judge

Dated: November 7, 2017