# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY V. PINSON, | : | |
|     Plaintiff | : | |
| | : | No. 1:17-cv-00584 |
| v. | : | |
| | : | (Judge Rambo) |
| UNITED STATES, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

I.     **BACKGROUND**

This pro se civil action pursuant to the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), was filed by Jeremy Pinson on April 3, 2017. (Doc. No. 1.) By Memorandum and Order dated February 26, 2018, Defendants' motion for summary judgment was granted and judgment was entered in favor of Defendants and against Plaintiff. (Doc. Nos. 55-57.) Following entry of summary judgment, Plaintiff filed a motion seeking reconsideration of that decision on March 12, 2018. (Doc. No. 58.) Plaintiff has failed to file a brief in support of the motion.

II.     **LEGAL STANDARD**

Plaintiff labels her filing as a motion for reconsideration filed pursuant to Fed. R. Civ. P. 59 and 60. (Doc. No. 58.) M.D. Pa. Local Rule 7.10 requires that "[a]ny motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order

concerned." Id.; see Whitenight v. Harry, No. 4:16-cv-1350, 2017 WL 2288867, at *1 (M.D. Pa. May 25, 2017); see also M.D. Local Rule 7.5 (providing that "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn"). "Noncompliance with a local rule governing timeliness is enough to warrant denial of the requested relief." Nittany Outdoor Advertising, LLC v. College Township, 179 F. Supp. 3d 436, 439 (M.D. Pa. 2016).

A motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial

issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Fed. R. Civ. P. 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding" on one of six grounds. Those grounds included (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct by the opposing party; (4) a void judgment; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. The decision whether to grant relief pursuant to Rule 60(b) "is within the sound discretion of the court ." Lasky v. Continental Products Corp., 804 F.2d 250, 256 (3d Cir. 1986). Such relief, however, "is available only in cases evidencing

extraordinary circumstances." Id. (quoting Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975)).

Factors determining whether the court should grant relief under Rule 60(b) include "[1] the general desirability that a final judgment should not be lightly disturbed; [2] the procedure provided by Rule 60(b) is not a substitute for an appeal; [3] the Rule should be liberally construed for the purpose of doing substantial justice; [4] whether, although the motion is made within the maximum time, if any, provided by the Rule, the motion is made within a reasonable time; ... [5] whether there are any intervening equities which make inequitable to grant relief; [6] any other factor that is relevant to the justice of the [order] under attack." Boernert v. Respet, No. 3:06-cv-362, 2009 WL 2407806, *1 (M.D. Pa. Aug. 3, 2009) (quoting Stradley, 518 F.3d at 493.)

## III. DISCUSSION

Plaintiff asserts that the Court improperly decided issues of fact, crediting Defendants' facts over Plaintiff's; erred in not appointing counsel for Plaintiff; and that issues of material fact existed precluding summary judgment. (Id.) However, because Plaintiff has not submitted a supporting brief, the instant motion is subject to dismissal under Local Rule 7.10 and 7.5.

Even if the Court considers the motion on its merits despite Plaintiff's failure to file a supporting brief, when applying the legal standards, the Court

concludes that Plaintiff has not demonstrated applicable grounds for reconsideration. While Plaintiff makes general and unspecific contentions that the Court credited Defendants' facts over Plaintiff's, erred in not appointing counsel for Plaintiff, and that issues of material fact existed, the Court notes that in its February 26, 2018 Memorandum, the Court explained why it deemed Defendants' statement of facts, unless it noted otherwise, to be undisputed, (Doc. No. 56. at 2 n. 1), and further noted Plaintiff's inconsistencies between the pleadings, exhibits, and declarations submitted in support of her opposition to summary judgment (Id. at 41 n. 9).

In short, the Court finds no intervening change in controlling law and no error of law or fact. Moreover, to the extent Plaintiff attempts to utilize the motion for reconsideration to reargue matters already argued and disposed of by the Court, this is an improper use. See Waye v. First Citizen's Bank, 846 F. Supp. 310, 314 (M.D. Pa. 1994); see also Database v. America, Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D. N.J. 1993) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"). Accordingly, Plaintiff's motion for reconsideration will be denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (Doc. No. 58), will be denied. An appropriate Order follows.

 s/Sylvia H. Rambo  
 SYLVIA H. RAMBO  
United States District Judge

Dated: August 13, 2018